ItBROWN, J.,
Concurring and Dissenting.
I concur with the majority that Rainwater’s statement was improperly withheld from plaintiffs after a request for its production. Under the circumstances of this case, it was admissible as evidence and could have affected the jury’s conclusion.
Rainwater’s affidavit was presented by plaintiffs in support of their motion for a new trial. In it, Rainwater states that he is available and willing to give testimony. His credibility would be important and that would be best assessed after direct and cross examinations. Further, Rainwater’s observations may impact conflicts between the experts who only tested the truck after the accident. For example, was it a rich running engine and what did Cecil Masters specifically say about the exhaust problem?
I further disagree with the majority’s conclusion after a de novo review that the accident was caused by Eric’s inattention. After considering the physical evidence and the manner Eric drove before the accident, all the experts believed that Eric lost consciousness. The finding by the majority that Eric was inattentive is speculation.
The defense claimed at trial that there was no exhaust leak. The misconduct by the defense in withholding the critical statement by Rainwater and the statement contradicts this claim. According to Rainwater there was an exhaust leak. The majority opinion agreed but found that the leak did not invade the cab. Even defendants experts, however, testified that upon disconnecting the EGR tube CO levels inside the cab would increase to some degree, but, unless it was a rich running engine, not to a dangerous proportion. Plaintiffs presented several witnesses who stated that Cecil Masters complained of symptoms which are consistent with CO exposure. Plaintiffs’ expert, Dr. Stafford, explained that because of CO exposure the body works harder to get oxygen and a person may [ gdrift off to sleep. The pertinent question is what part the CO exposure played in causing Eric to fall asleep or lose consciousness.
*189 Before BROWN, STEWART, CARAWAY, KOSTELKA, and DREW, JJ.